# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| PRISCILLA ELLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:19-CV-786-O |
| | § | |
| UNITED STATES OF AMERICA, Et Al. | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is Priscilla Ellis's document entitled "Motion for Temporary Injunction Pending Court Decision from 11th Circuit Court of Appeals for Appeal No. 19-12452HH" construed as seeking relief under 28 U.S.C. § 2241. Mot. 1-13, ECF No. 1. After review of the pleading, the record, and applicable law, the Court denies the relief sought in part, and dismisses the remaining claims for lack of jurisdiction.

**I. BACKGROUND**

Bureau of Prisons' inmate/petitioner Priscilla Ellis, Register Number 03260-180, filed this case on October 2, 2019. In October 2017, in case number 8:15-cr-320-T-23TGW, Ellis was sentenced to a term of imprisonment of 480 months in the United States District Court for the Middle District of Florida after being found guilty of the following offenses: conspiracy to commit mail and wire fraud (18 U.S.C. § § 1341, 1343, 1349); and conspiracy to commit money laundering (18 U.S.C. §§ 1956(a)(2)(A), (B)(i), & (h)). *See United States v. Ellis*, No.8:15-cr-320-T-23TGW, Judgment, ECF No. 762. In January 2018, in case number 8:16-cr-502-T-30BTM, also in the United States District Court for the Middle

District of Florida, Ellis was sentenced to a term of imprisonment of 65 years to run consecutive to the term of imprisonment imposed in case number 8:15-cr-320-T-23TGW, after being found guilty of various offenses in connection with retaliating against a witness (18 U.S.C. §§ 513(a) and 371, and 18 U.S.C. § 1513(a)(1)(A) and 18 U.S.C. 1958(a) (two counts each)). *See United States v. Ellis*, No.8:16-cr-502-T-30TBM, Judgment, ECF No. 129.[1] Ellis is now incarcerated at FMC-Carswell in Fort Worth, Texas.

## II. CLAIMS FOR RELIEF

As noted Ellis filed in this case a "Motion for Temporary Injunction Pending Court Decision from 11th Circuit Court of Appeal for Appeal No. 19-12452HH." By that motion, Ellis moves the Court to

> issue a temporary restraining order to stop the issuance of a SAM order utilizing a case that does not start for another 36 years, case number (8:16-cr-502-JSM-AEP), which would be considered double jeopardy, as this SAM order is a type of additional punishment that was not a part of either final judgment and would be modifying the current sentence that I am serving in case number 8:15-cr-320-SDM-TGW-3.

Mot. 1, ECF NO. 1. A sam order is an order that imposes special administrative measures. Ellis complains that those measures limit her rights to communicate with her family members through e-mail, telephone, and visitation. Mot. 6–10, ECF No. 1. She seeks an order to block any such measures. Mot. 13, ECF No. 1.

In addition to seeking relief against the special administrative procedures, Ellis includes numerous documents within her pleading seeking relief from alleged constitutional violations,

---

[1]The Court takes judicial notice of the records of the United States District Court for the Middle District of Florida in her two criminal cases. *See* Fed. R. Evid. 201(b0(2) and (c)(1).

including an incorporated document entitled "Constitutional Rights Violations for Priscilla Ann Ellis" (EC No. 14), a "Statement of the Case" (ECF No. 25), and the naming of several individuals as defendants/respondents in the case. (ECF No.1.) The Court will also address Ellis's right to seek this additional relief.

## III. ANALYSIS

### A. Motion Seeking Relief from SAM Conditions Already Denied

A review of other records of this District show that Ellis has already sought and been denied the exact relief sought here. Ellis filed a petition for writ of habeas corpus in *Ellis v. United States*, No.3:19-CV-395-K(BT) in the Dallas Division of this District, and there Ellis also filed an "Emergency Motion to Stop SAM (Special Administrative Measures) Order." *See Ellis v. United States,* No.3:19-cv-395-K(BT), Motion, ECF No. 14.[2] But the Court denied the motion stating:

> Petitioner filed an emergency motion to stop special administrative procedures. (ECF No. 14) She states the district judge in her criminal case requested that the BOP enter a special administrative order to limit Petitioner's communication with family and friends. Petitioner raised this claim in her criminal case. See United States v. Ellis, No.8:16-cr-00502-JSM-TBM-1 (M.D. Fl. 2016)(ECF No. 145.) On May 31, 2019, the district judge in her criminal case denied the motion. *See id.* at ECF NO. 146. Petitioner cannot relitigate her claim in this Court. Her motion is hereby DENIED.

Order, Ellis v. United States, No.3:19-cv-395-K (BT), ECF No. 15. Because Ellis has already sought and been denied an emergency motion seeking relief against any special administrative procedures, her motion seeking such relief in this case must be DENIED.

### B. Claims of Violations of the Constitution

Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in

---

[2]The Court takes judicial notice of the records of this the Northern District of Texas in case number 3:19-CV-395-K(BT). *See* Fed. R. Evid. 201(b0(2) and (c)(1).

3

which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner Ellis, however, in much of the pleading filed with her motion challenging the SAM conditions is not asserting a challenge to the duration of her sentence, but instead she seeks relief against the conditions of her confinement. As her constitutional claims attack the conditions of her confinement and not the fact or duration of her custody, they are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement"); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) ("If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the proper course for the prisoner is a civil rights action); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). Thus, Ellis's constitutional-based claims regarding the conditions of her confinement are outside the proper scope of a § 2241 petition. *See Schipke v. Van Buren*, 239 F. App'x 85, 2007 WL 2491065 at *1 (5th Cir. Aug. 30, 2007) (holding that petitioner's claims were outside scope of § 2241 motion where none of the claims raised challenged the fact or duration of her confinement and none, if prevailed on, would have entitled her to accelerated release and thus should have been raised in *Bivens* action). Ellis's claims of violations of her constitutional rights would not impact the duration of her custody. The Court therefore lacks jurisdiction to consider these claims in this case.

## IV.   CONCLUSION and ORDER

It is therefore **ORDERED** that Ellis's Motion for Temporary Injunction Pending Court Decision from 11th Circuit Court of Appeals for Appeal No. 19-12452HH (ECF No. 1) is **DENIED.**

It is further **ORDERED** that Ellis's other claims for relief in this petition for relief under 28 U.S.C. § 2241 are **DISMISSED without prejudice** for lack of jurisdiction.

**SO ORDERED** on this **8th day** of **October, 2019.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**